IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ISAISAS BELTRAN, #M00396, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv−00003−SMY |
| | ) |
| JOHN BALDWIN, | ) |
| TYLER JONES, | ) |
| KIMBERLY BUTLER, | ) |
| ANTHONY MCALLISTER, | ) |
| JOSEPH YURKOVICH, | ) |
| B. TRIPP, | ) |
| A. WILLIAMS, | ) |
| DONALD GATEZ and | ) |
| JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Isaias Beltran, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Menard. Plaintiff claims the defendants used excessive force against him, conducted a "unconstitutional shakedown," denied him appropriate medical treatment, wrongfully placed him in unconstitutional housing conditions, and failed to discipline correctional officers who repeatedly violate prisoners' constitutional rights. (Doc. 1, pp. 1-20). He seeks monetary damages. *Id.*, p.20.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

A Complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim must cross "the line between possibility and plausibility." *Id.* at 557. On screening, the Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The factual allegations of a pro se Complaint are liberally construed at this phase of litigation. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was incarcerated at Menard on August 26, 2016, when the prison was put on lockdown status and members of IDOC's Special Operations Response Team (the "Orange Crush") conducted a shakedown of each cellhouse. (Doc. 1, pp. 2, 5). During the shakedown, Plaintiff and other inmates were made to strip in front of each other, spread their buttocks, lift their genitals and open their mouths with their fingers. *Id.*, p. 5-6. After the prisoners redressed, the Orange Crush officers handcuffed them in a particularly painful way and required them to stand in a "stressful position" for several hours while the shakedown was concluded. *Id.*, p. 7. As the prisoners were being led back to their cells, an Orange Crush officer (Plaintiff believes it was Tyler Jones) falsely accused Plaintiff of talking. *Id.*, p. 8. Jones and several other Orange Crush officers ("the John Doe Defendants") then began beating Plaintiff. *Id.*, pp. 8-9. As a result of the beating, Plaintiff had pain, dizziness, a severe headache and blood on his face. *Id.*, p. 10. The John Doe Defendants refused Plaintiff's request

for medical attention and took him to segregation. *Id.*

Later that day, Plaintiff was visited in his cell by Williams, a nurse at Menard. *Id.* Plaintiff informed her of his pain and soreness and that the cut on his face would not stop bleeding. *Id.* Williams told Plaintiff to wash his face with soap and water, then left. *Id.* Plaintiff's repeated requests for medical attention have not yielded any result. *Id.*, p. 11.

Plaintiff subsequently received a disciplinary ticket submitted by Jones, accusing Plaintiff of having assaulted Jones. *Id.* Some or all of the John Doe defendants gave statements supporting Jones' account, and the Adjustment Committee gave "undeserving weight" to Jones' account rather that "available exculpatory evidence." *Id.,* p. 19. Plaintiff was found guilty and was penalized with a year in segregation and loss of a year of good conduct time. *Id.*, p. 11. The conditions of Plaintiff's confinement while in segregation included lack of fresh air, deprivation of audio/visual property, deprivation of phone calls and contact visits, and proximity to disruptive mentally ill inmates. *Id.*, pp. 11-12.

Plaintiff also alleges that a number of policies and widespread practices violate his constitutional rights: that Jones and the John Does have routinely engaged in misconduct against prisoners without being disciplined; that Kimberly Butler (former Chief Administrative Officer at Menard) had not been adequately trained regarding "the care and supervision of staff and inmates[,]"; and that there is a widespread custom of a "code of silence" among correctional officers to subvert the grievance system and give false information during investigations to protect each other ( *Id.*, pp. 12-13); that Butler ignored or was lenient on officers found to have committed misconduct; that the internal affairs unit is inadequately trained, that their investigations are inadequate, and that they ignore repeat offenders (*Id.*, p. 14); that John Baldwin receivedgrievances about staff misconduct prior to the August 26, 2106 shakedown but failed to take action (*Id.)*; and

3

that the "unconstitutional and cruel shakedown procedures" were "pursuant to a policy or practice implemented[,] overseen and encouraged by IDOC supervisors including [D]efendants Yurkovich, Baldwin, Butler, [and] McAllister[.]" *Id.*, p. 15.

Plaintiff alleges the beating aggravated a preexisting back injury (*Id.*, p. 11) and that Defendants' actions have caused him to experience escalating anxiety issues requiring treatment. *Id.,* p. 12. He asserts that he submitted grievances on October 3, 2016 and October 17, 2016 but did not receive any response. *Id.*, p. 4.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following seven Counts:

**Count 1:** Eighth Amendment claim against Tyler Jones and John Doe defendants for excessive force and mistreatment related to the strip search and stress position he was forced to assume during the shakedown;

**Count 2:** Eighth Amendment claim against Butler, Yurkovich, Baldwin and McAllister for enacting or encouraging a policy, widespread practice or custom underlying the conduct of the August 26, 2016 shakedown;

**Count 3:** Eighth Amendment claim against Williams and John Doe defendants for deliberate indifference to a serious medical need;

**Count 4:** Fourteenth Amendment claim of denial of due process against Jones and John Doe defendants for filing a false disciplinary report and lying in support of that report during the disciplinary hearing;

**Count 5:** Eighth and Fourteenth Amendment claim against Butler for tacitly approving of a widespread "code of silence" practice to suppress inmate complaints about mistreatment by prison staff;

**Count 6**: Eighth Amendment claim regarding conditions of confinement in segregation; and

**Count 7:** Conspiracy claim against Defendants.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

As an initial matter, Defendants Donald Gatez and B. Tripp must be dismissed without prejudice. Although Plaintiff names both in the case caption and identifies Tripp in the "Parties" section as nurse at Menard, there are no allegations regarding what actions they allegedly took. As such, Plaintiff fails to state a claim against them.

### Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of inmates, including the use of excessive force without penological justification. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). an unduly humiliating strip search may also be the basis for an Eighth Amendment claim. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Plaintiff has adequately stated a claim against Jones and the John Doe defendants for the strip search, putting him in a stress position for an extended period of time during the cell search, and using excessive force against him on the way back to his cell.[2]

### Count 2

Plaintiff claims that the shakedown procedures were performed "pursuant to a policy or practice implemented, overseen and encouraged by IDOC supervisors, including [D]efendants

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[2] Based upon the date that Plaintiff was allegedly assaulted (August 26, 2016) and the dates of his grievances (October 3 and 17, 2016), Plaintiff's claim for excessive force may be subject to dismissal as having been filed outside the applicable statute of limitations. However, it is not sufficiently "apparent on the face of the Complaint" to warrant dismissal at screening. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002);

Yurkovich, Baldwin, Butler, [and] McAllister…among others." (Doc. 1, p. 15).  He also alleges that John Baldwin, Acting Director of IDOC, had received notice of staff misconduct prior to the shakedown at issue through "countless grievances and complaints of alleged staff misconduct…related to Menard Correctional Center and defendant Orange Crush officers['] shakedown described throughout this Complaint"  and that Baldwin was "adequately notified of the persistent mistreatment of inmates at Menard during Orange Crush shake down and the need for close and continuing supervision of its correctional staff." *Id*., pp. 14-15.

Section 1983 does not permit liability on the bases of *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  However, a supervisor "can be held personally responsible if he knew about the conduct that caused the constitutional violation and facilitate [d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye.  In other words, an official can be held individually liable if he personally devised a deliberately indifferent policy." *Blossom v. Dart*, 64 F. Supp. 3d 1158, 1162 (N.D. Ill. 2014) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) *and Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998)).

Plaintiff's Complaint adequately states a claim as to Butler and Baldwin.  It also contains the bare minimum required to state a claim against Yurkovich as chief of operations implementing Orange Crush-related policies and McAllister as tactical commander of the shakedowns.  Count 2 will therefore proceed against these defendants.

**Count 3**

An Eighth Amendment claim based on the denial of medical care has an objective and a subjective component. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).  The objective component requires an inmate to demonstrate that he suffers from an "objectively, sufficiently

serious" medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* The subjective component requires an inmate to demonstrate that prison officials acted with deliberate indifference to his serious medical needs, which occurs when officials "know of and disregard an excessive risk to inmate health." *Id*.

Plaintiff has adequately stated a claim for deliberate indifference to a serious medical need against Williams and the John Doe Defendants. While pain and bleeding from a headwound may not be a life-threatening condition, the headwound alone was sufficient that a layperson would appreciate the need for medical attention. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff alleges the John Doe Defendants were aware that he was bleeding profusely when he asked them for medical attention and they chose to do nothing. While Plaintiff was seen by Williams, her choice of treatment ("wash it with soap and water") for a persistently bleeding headwound could lead a jury to conclude that she was deliberately indifferent to Plaintiff's condition as well. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 747 (7th Cir. 2017). Therefore, both claims survive screening and will receive further review.

**Count 4**

Plaintiff is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) from making a due process claim against Jones and the John Doe Defendants who gave statements in support of the allegedly false disciplinary ticket upon which Plaintiff was convicted. A prisoner cannot maintain a civil rights suit if a judgment in his favor would necessarily imply that his conviction was invalid. *Heck*, 512 U.S. at 487. Instead, the conviction must first be invalidated or overturned. *Edwards*

7

*v. Balisok,* 520 U.S. 641, 643 (1997). A prison disciplinary finding is a conviction for purposes of *Heck* where a prisoner loses good time credit as a result of the proceedings. *Id.*; *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011).

Here, Plaintiff directly attacks the validity of his disciplinary conviction by alleging it was based solely on Jones' fabricated disciplinary ticket and the John Doe Defendants' false statements in support of that ticket. Because there is no indication that the conviction has been invalidated or overturned, if Plaintiff prevails on his denial of due process claim as pled, it would necessarily invalidate the conviction. Therefore, Count 4 will be dismissed without prejudice.

**Count 5**

Plaintiff has adequately stated a claim for under the Eighth and Fourteenth Amendments against Butler for actual or tacit approval of the alleged "code of silence" practice. Plaintiff alleges there is a widespread practice of corrections officers giving false evidence to cover up for each others' civil rights violations and subverting the grievance system by causing a significant portion of grievances submitted by inmates to disappear. He alleges that Butler "and other high supervisory officials of Menard and IDOC" are aware of these practices and deliberately choose not to punish those corrections officers. (Doc. 1, pp. 19-20). These allegations state a colorable claim that Butler turned a blind eye to the officers' conduct and the underlying constitutional violations. As to the "other high supervisory officials," Plaintiff has not adequately identified these defendants for notice-pleading purposes; Plaintiff must be more specific if he wishes to press the claim against efendants other than Butler. Count 5 survives threshold review as to Defendant Butler.

8

## Count 6

The Eighth Amendment requires prison officials to house inmates under humane conditions and to provide them with adequate food and water, among other basic needs. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Unconstitutional conditions are those that pose a "substantial risk to inmate health or safety;" conversely, jail conditions "may be uncomfortable, even harsh, without being inhumane." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (citations omitted). Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is sufficiently serious (objective standard) and (2) the officials act with deliberate indifference (subjective standard). *Farmer*, 511 U.S. at 834.

Here, Plaintiff identifies the alleged unconstitutional conditions he was subjected to while in segregation, but he does not suggest that any of the defendants knew about those conditions and the risk they posed to Plaintiff. Count 6 will therefore be dismissed without prejudice.

## Count 7

Civil conspiracy claims are cognizable under Section 1983, but they provide no independent basis of liability. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). To state such a claim, a plaintiff must present more than simply a bare allegation that a conspiracy exists. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). "Even under notice pleading, a complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007) (citing *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002)).

Plaintiff makes only a conclusory allegation that a conspiracy existed "to deprive prisoners at Menard (including Plaintiff) of their constitutional rights and to protect one another from liability" for such actions. (Doc. 1, p. 16). As such, Count 7 will be dismissed without prejudice.

**Pending Motions**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice. When a *pro se* plaintiff submits a request for counsel, the Court must determine whether they have made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff has not demonstrated reasonable efforts to locate counsel on his own. His Motion simply states that he has made an effort to obtain a lawyer, without any indication as to who he contacted, when or what response he received.

Additionally, Plaintiff has demonstrated an ability to litigate this case on his own, at least at this point. Plaintiff has presented his claims in the Complaint in a coherent manner. He identifies no other impediments to self-representation (*i.e.*, educational, language, mental health, or medical). He states that he will have limited access to a law library, and that an attorney would "better enable Plaintiff to present evidence and cross examine witnesses." *Id.,* pp. 1-2. Plaintiff appears competent to represent himself. He may renew this request by filing another motion if it becomes necessary to do so as the case proceeds.

**Identification of Unknown Defendants**

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown John Doe defendants. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). Frank Lawrence, Acting Warden of Menard, will be added as a party in his

official capacity only for purposes of responding to discovery aimed at identifying the unknown defendants associated with Menard. Guidelines for discovery will be established by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff will file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 4, 6 and 7** are **DISMISSED without prejudice** as to all Defendants for failure to state a claim upon which relief may be granted. Defendants **DONALD GATEZ** and **B. TRIPP** are **DISMISSED without prejudice** from the action, and the Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** will proceed as to Tyler Jones and the John Doe defendants; **COUNT 2** will proceed against Kimberly Butler, Joseph Yurkovich, John Baldwin and Anthony McAllister; **COUNT 3** will proceed against A. Williams and the John Doe defendants; and **COUNT 5** will proceed against Kimberly Butler.

The Clerk is **DIRECTED** to **ADD FRANK LAWRENCE, ACTING WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only)** as a Defendant in CM/ECF. The Warden must promptly respond to any discovery aimed at identifying the Doe defendants with particularity.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **TYLER JONES, KIMBERLY BUTLER, ANTHONY MCALLISTER, JOSEPH YURKOVICH, JOHN BALDWIN, A. WILLIAMS, JOHN DOE DEFENDANTS and FRANK LAWRENCE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 15, 2019**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**